UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 15-173-HRW

ANGELA COOK,                                                                                    PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on February 13, 2012, alleging disability beginning on June 27, 2011, due to numerous impairments, including pain, fibromyalgia, depression, migraines, arthritis, fatigue, bipolar disorder, carpal tunnel syndrome, hand and foot numbness, forgetfulness, muscle spasms, hand swelling, sleepiness, and acid reflux (Tr. 346).

This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Don C. Paris

(hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Linda Taber, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 81-92). Plaintiff was 39 years old at the time of the hearing decision. She has a high school education (Tr. 347) and her past relevant work includes machine operator, server, customer service representative, secretary, payroll assistant and nurse's assistant (Tr. 313).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 83).

The ALJ then determined, at Step 2, that Plaintiff suffers from fibromyalgia, chronic

2

dorsolumbar strain, incidental psuedoarthritis at C7 disc level, depression and anxiety, which he found to be "severe" within the meaning of the Regulations (Tr. 83-84).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 84).

The ALJ further found that Plaintiff could, in fact, perform her past work as a machine operator and server (Tr. 90) and went on to but determined that she has the residual functional capacity ("RFC") to perform medium work that involved lifting and carry 50 pounds occasionally and 25 pounds frequently; sitting and standing/walking six hours each in an eight-hour workday; frequently stooping, kneeling, crouching, crawling, and climbing ramps and stairs; occasionally climbing ladders, ropes, and scaffolds; and should avoid concentrated exposure to extreme cold and vibration (Tr. 86). Additionally, the ALJ found that Plaintiff could understand, retain, and carry out simple work instructions and perform routine work tasks, but added that she may show limited tolerance for frequent contact with the public and may function best at tasks with limited social demands (Tr. 86).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 90-91).

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff contends that the ALJ's finding of no disability is erroneous because he failed to properly evaluate the opinions of her treating physicians, Kevin Rowe, M.D. and Howard Fishkoff, D.O.

In assessing the medical evidence supplied in support of a claim, there are certain governing standards to which an ALJ must adhere. Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule. See SSR 96–2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004). If the opinion of the

4

treating physician as to the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record," then it will be accorded controlling weight. *Wilson*, 378 F.3d at 544. When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Id.*

There is an additional procedural requirement associated with the treating physician rule; he ALJ must provide "good reasons" for discounting treating physicians' opinions, reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, at *5.

Dr. Rowe completed a medical source statement of Plaintiff's ability to perform physical work-related activities (Tr. 505-08). He noted that Plaintiff had muscle spasms in all major muscle groups and opined that she could lift and carry less than 10 pounds; stand and walk two hours in an eight-hour workday; sit less than six hours in an eight-hour workday; occasionally climb; never perform any other postural activities; occasionally reach, handle, finger, feel; had a limited ability to speak and reach; and should avoid noise, vibration, and hazards (Tr. 505-08).

The ALJ clearly considered Dr. Rowe's opinion that Plaintiff could lift and carry less than 10 pounds and stand and walk two hours in an eight-hour workday. The ALJ found that this

5

opinion was inconsistent with the objective medical findings in the record, including no joint swelling, no signs of inflammation, no evidence of motor, sensory, or reflex deficits, and no evidence of significant spine pathology. The ALJ also considered the opinion of state agency physician, Amanda Lange, M.D. who suggested that Plaintiff could lift and carry 50 pounds occasionally and 25 pounds frequently; sit and stand/walk six hours each in an eight-hour workday; occasionally climb ladders, ropes, and scaffolds; frequently preform all other postural activities; and should avoid concentrated exposure to extreme cold, vibration, and hazards (Tr. 176-78). The ALJ found that Dr. Lange's opinion was "most consistent with the overall record".

The Court finds that the ALJ stated reasons for discounting the opinion of Dr. Rowe and, therefore, followed the analysis set forth in SSR 96-2p.

With regard to Plaintiff's mental impairments, Dr. Fishkoff opined that Plaintiff had moderate to marked limitations in all areas of mental work-related functioning (Tr. 445-47). Yet, as with Dr. Rowe's opinion, however, the ALJ found that Dr. Fishkoff's opinion was inconsistent with any objective findings of record (which instead showed no psychosis, good judgment and insight, and a neutral mood and affect) (Tr. 89-90, *see* Tr. 477, 481, 495-504, 517-64). Indeed, the same month that Dr. Fishkoff found "moderate to marked" limitations, state agency psychologist Byron Pack, Psy.D., reviewed Plaintiff's medical records and opined that she had some moderate mental limitations but could understand, retain, and carry out simple instructions; consistently perform routine task with minimal (normal) supervision; cooperate effectively with the public and co-workers; and adequately adapt to changes and demands of simple tasks (Tr. 139-40, 144-46). Another state agency psychologist, Lea Perritt, Ph.D., later reviewed Plaintiff's medical records and agreed with Dr. Pack (Tr. 174-75, 178-80).

Again, the record contains substantial evidence which support the ALJ's assessment of Dr. Fishkoff's opinions and, moreover, the ALJ specifically enumerated his reasons for discounting the opinions. As such, the Court finds no error in this regard.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This ___ day of September, 2016.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge